# UNITED STATES DISTRICT COURT
for
NORTHERN DISTRICT OF TEXAS

## Petition for Person Under Supervision

| | |
|---|---|
| Person Under Supervision: | Brian McGavock Case No.: 2:19-CR-064-Z(01) |
| Name of Sentencing Judge: | U.S. District Judge Matthew J. Kacsmaryk |
| Date of Original Sentence: | October 31, 2019 |
| Original Offense: | Convicted Felon in Possession of a Firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(2), a Class C Felony |
| Original Sentence: | Forty-six (46) months custody as to Count One, three (3) year term of supervised release as to Count One |
| Revocations: | None |
| Detainers: | None |
| U.S. Marshals No.: | 58663-177 |
| Type of Supervision: | Supervised Release Date Supervision Commenced: November 18, 2025 |
| Assistant U.S. Attorney: | Joshua Jerome Frausto Defense Attorney: W. Brooks Barfield (Court appointed) |

## Petitioning the Court for Action for Cause as Follows:

To issue a violator's warrant.

The probation officer believes the person under supervision violated the following conditions:

**I.**

**Violation of Standard Condition No. 7**

The defendant shall refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.

**Violation of Other Condition No. 2**

The defendant must not unlawfully possess a controlled substance.

**Violation of Other Condition No. 5**

The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**Violation of Other Condition No. 6**

The defendant shall participate in a program approved by the probation officer for treatment of narcotic or drug or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, contributing to the costs of services rendered (copayment) at the rate of at least $20 per month.

**Nature of Noncompliance**

On April 23, 2026, Brian McGavock submitted a urine specimen to Dailey Recovery Services (DRS), the substance abuse treatment and testing provider in Amarillo, Texas, which tested positive for marijuana. Mr. McGavock denied this use. Correspondence received from Abbott Toxicology Services (Abbott) on June 2, 2026, confirmed this specimen positive for marijuana.

On July 9, 2026, Mr. McGavock submitted a urine specimen to DRS which tested positive for marijuana. On July 22, 2026, Mr. McGavock admitted verbally and in writing to U.S. Probation Officer Ty Stewart (USPO Stewart) to using marijuana on July 4, 2026.

Mr. McGavock violated these conditions of supervised release when he failed to appear for urine collections at DRS on January 20, April 6, and July 14, 2026.

**II.**

**Violation of Other Condition No. 7**

The defendant shall participate in mental health treatment services as directed by the probation officer until successfully discharged. These services may include medications prescribed by a licensed physician. You shall contribute to the costs of services rendered (copayment) at a rate of at least $20 per month.

**Nature of Noncompliance**

Mr. McGavock violated this condition of supervised release when he failed to report for mental health treatment with Troy Timmons (Timmons), the mental health treatment provider in Amarillo, Texas, on March 19 and April 27, 2026.

**III.**

**Violation of Standard Condition No. 2**

The defendant shall report to the probation officer as directed by the Court or probation officer and submit a truthful and complete written report within the first five (5) days of each month.

**Violation of Standard Condition No. 3**

The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

**Nature of Noncompliance**

Mr. McGavock violated these conditions of supervised release when he failed to report for a scheduled office appointment with USPO Stewart on March 16, 2026. On March 12, 2026, Mr. McGavock was notified in writing via text message to report to USPO Stewart on March 16, 2026, and he agreed to do so. On March 18, 2026, Mr. McGavock told USPO Stewart he had missed the appointment because he had not seen the message, despite previously agreeing to report.

**Personal History**

Mr. McGavock commenced his term of supervised release with the U.S. Probation Office in Amarillo, Texas, on November 18, 2025. He was referred to substance abuse treatment and testing at DRS, and mental health treatment at Timmons, on December 3, 2026. Mr. McGavock was initially stable and compliant with supervised release and resided and worked in Amarillo. However, beginning in January 2026, he began exhibiting signs of increasing instability. This culminated in his admittance to The Pavilion at Northwest Texas Hospital (the Pavilion) from February 24 through March 6, 2026, due to suicidal ideations and alcohol abuse issues. Correspondence from friends and family of Mr. McGavock revealed he returned to the Pavilion on or about March 26 and May 1, 2026, though USPO Stewart never received documentation from Mr. McGavock as requested. Additionally, on or about May 19, 2026, Mr. McGavock was admitted to The Ranch at Dove Tree (Dove Tree) in Lubbock, Texas, for inpatient substance abuse treatment services, which he completed on June 16, 2026, according to documents provided to USPO Stewart by Mr. McGavock. However, on July 15, 2026, Mr. McGavock made an outcry to DRS staff about suicidal ideations including a plan. He was counseled by DRS and a plan was created to assist him in avoiding such action.

Throughout his term of supervision, Mr. McGavock has cited his poor physical health and pain as triggers to substance abuse and mental health struggles. Additionally, his depression has led him to consume alcohol on occasion, which only exacerbates his suicidal ideations. The U.S. Probation Office has worked with Mr. McGavock to combat his complex mental health and substance abuse conditions. However, despite participation in and completion of several inpatient and outpatient treatment programs, Mr. McGavock continues to fall into the same pattern of behavior. Additionally, while not alleged as violations above, following his release from Dove Tree, Mr. McGavock had to be directed by USPO Stewart on multiple occasions to reestablish contact with Timmons (who he continually cites as a positive and beneficial resource in his life).

Due to Mr. McGavock's substance use, failure to attend urine collections and mental health treatment, and failure to report, a Petition for Person Under Supervision is being submitted to the Court. All efforts to bring Mr. McGavock into compliance have been exhausted, and he represents a danger to himself and the community.

### Statutory Provisions — Protect Act Supervised Release

| | |
|---|---|
| **Statutory Maximum Custody:** | 2 years. 18 U.S.C. § 3583(e)(3) |
| **Mandatory Revocation Statutes:** | Mandatory revocation for possession of a controlled substance and for refusal to comply with drug testing. Sentence to a term of imprisonment. 18 U.S.C. §§ 3583(g)(1) & (g)(3). |
| **Fine:** | None. |
| **Statutory Maximum for Reimposition of Supervised Release:** | Up to 3 years, minus revocation sentence. 18 U.S.C. § 3583(h). |

### Chapter 7 Violation Computations

| | | |
|---|---|---|
| **Violation Grade:** | C | USSG §7C1.1(a)(3), p.s. |
| **Criminal History Category:** | IV | USSG §7C1.5, p.s. |
| **Imprisonment Range:** | 6 to 12 months | USSG §7C1.5, p.s. |
| **Fine:** | None | USSG §7C1.4, comment. (n.4) |

Pursuant to USSG §7C1.3(b), the Court shall revoke supervised release if required by statute. Otherwise, the Court should conduct an individualized assessment, taking into consideration the grade of the violation, to determine whether to revoke supervised release. Revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C violation.

In Esteras v. U.S., 606 U.S. 185 (2025), the Supreme Court held that a sentencing court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when determining a sentence following a revocation of a term of supervised release.

In Tapia v. U.S., 564 U.S. 319 (2011), the Supreme Court held that 18 U.S.C. § 3582(a) does not permit a sentencing court to impose or lengthen a prison term in order to foster a defendant's rehabilitation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 29, 2026
Respectfully submitted,

FOR

Tyson J. Stewart
U.S. Probation Officer
Amarillo Division
Phone: 806-337-1753
Email: tyson_stewart@txnp.uscourts.gov

Approved,

Gema Delgado Reyes
Supervising U.S. Probation Officer
Phone: 806-337-1752

---

**Order of the Court:**

- ☐ No action.
- ☒ The Issuance of a Warrant. Petition and warrant sealed and not to be distributed to counsel of record until arrest effectuated.
- ☐ The Issuance of a Summons.
- ☐ Other or Additional:

______________________________

______________________________

- ☐ File under seal until further order of the Court.

[signature]

The Honorable Matthew J. Kacsmaryk
U.S. District Judge

Aug 5, 2026
Date